## BLUM v. POSTAL TELEGRAPH, Inc.

Civ. A. No. 2003.

United States District Court
W. D. Pennsylvania.

Sept. 4, 1951.

Edwin B. Goldsmith, Pittsburgh, Pa., for plaintiff.

William H. Eckert, Alexander Black, Jr. and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for defendant.

STEWART, District Judge.

This action was instituted by Louis Blum to recover damages for personal injuries alleged to have resulted from defendant's negligence. During the pendency of this action, plaintiff died on August 16, 1945. On September 10, 1948, upon motion of plaintiff's counsel, an order was entered by this Court substituting the personal representative of Louis Blum, deceased, as party plaintiff.

The question now before the Court, on defendant's motion, is whether the order of substitution should be revoked and the action dismissed under Rule 25(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. which provides in part: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * *"

In Anderson v. Yungkau, 1946, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436, the Supreme Court of the United States held that the provision of Rule 25(a)(1) requiring the dismissal of an action if substitution is not made within the two year period is mandatory. The Supreme Court further held that the time within which an order of substitution may be made could not be extended for excusable neglect under Rule 6(b). Subsequent to the decision in Anderson v. Yungkau, supra, and prior to the issuance of the order of substitution in the case now before the Court, an amendment was added to Rule 6(b) effective on March 19, 1948, which expressly excepted Rule 25 from the discretionary provisions of Rule 6(b).

It is evident, therefore, that the Court has no discretion in this matter but is re-

quired to dismiss an action where the order of substitution was not within the two year period. It follows that the order of September 10, 1948 was without legal authority. It is likely that the provisions of Rule 25(a)(1) and Rule 6(b) were not brought to the attention of the Court at the time of the issuance of the order of substitution, but in any event that order must be revoked.